[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Background
This is a statutory appeal brought by the employer, The Spot, from a denial of a request made pursuant to C.G.S. § 31-225a(c)(1)(d), for relief from charges for unemployment compensation paid to its employees. The Employment Security Board of Review certified and filed with the court the record of the proceedings pursuant to the statute § 31-249b. The record indicates that the Administrator denied a request for relief on January 29, 1999. The employer filed an appeal to a referee on February 8, 1999. The referee conducted a de novo hearing, made findings of fact and affirmed the Administrator's determination. The plaintiff appealed to the Board of Review on June 1, 1999. The Board adopted the findings and decisions of the referee dismissing the plaintiff's appeal.
On August 23, 1999, the plaintiff filed the instant appeal to the Superior Court pursuant to C.G.S. § 31-249b. In its appeal, the plaintiff challenges the Board's finding that it is not entitled to relief from statutory charges for unemployment compensation pursuant to C.G.S. § 31-225a(c)(1)(d). The plaintiff has challenged this conclusion on legal grounds and appealed to the Superior Court.
The claim was made by the plaintiff that from April 13, 1995 through August 12, 1995 his place of business, The Spot Cafe, was closed as a result of damage caused by a fire. Twenty-two employees filed claims for CT Page 11283 unemployment benefits while laid off from their jobs due to the temporary closing. The benefits paid to these individuals were charged to the employer's experience rating record pursuant to C.G.S. § 31-225a. As a result of this decision, the plaintiff was assessed nearly the maximum rate for unemployment contributions for the years 1996 through 1998, which amounts were paid by him. After the fire, his experience rate jumped to about six percent which translated to an increase of at least three percentage points which resulted in more than doubling what the employer had to pay for a period of three years. Accordingly, the employer is appealing the decision of the Board of Review of June 1, 1999.
 Discussion
Section 31-249b restricts the court's ability to correct findings of the Board of Review to those circumstances defined in P.B. § 22-9. The section reads in relevant part:
 Such appeals are heard by the court upon a certified copy of the record filed by the Board. The Board does not retry the facts or hear evidence it considers no evidence other than that certified to it by the Board and then for the limited purposes of determining whether the findings should be corrected, or whether there was any evidence to support in law the conclusion reached. It cannot review the conclusion of the Board when these depend on the weight of the evidence and credibility of witnesses.
In this case, the court limits its discussion with respect to the meaning and the interpretation made by the Board of the C.G.S. §31-225a(c)(1)(d) which provides:
 In the event that a natural disaster declared by the President of the United States, no benefits paid on the basis of total or partial unemployment which is the result of physical damage to a place of employment caused by severe whether conditions including, but not limited to, hurricanes, snow storms, ice storms or flooding, or fire except where caused by the employer shall be charged to any employer.
The plaintiff claims that it is entitled to avoid being charged for unemployment benefits that were paid as a result of lay offs caused by fire damage to its premises pursuant to this statute. CT Page 11284
The defendant claims that the plain language of the statute requires a declaration of a natural disaster by the President of the United States before an employer can avoid being charged for benefits paid to employees as a result of physical damage to a place of employment caused by severe whether conditions or fire. The plaintiff attempts to read the phrase referring to a natural disaster declared by the President out of the statute. The defendant claims this violates principles of statutory construction and that no statute should be interpreted in a matter that renders a provision or clause of that statute superfluous or meaningless. State v. DeFrancesco, 235 Conn. 437 (1995); O'BrienProperties, Inc. v. Rodriguez, 215 Conn. 367, 372 (1990).
The court disagrees with the position taken by the defendant and finds that the statute requires an interpretation that there is an ambiguity in the statute. Principles of statutory construction dictate that the intent of the legislature, is to be found not in what the legislature meant to say but in the meaning of what it did say. Frasier v. Manson,176 Conn. 638, 642 (1979). The court finds that the statutory language in this case is ambiguous. Where the end result penalizes an employer who through no fault of his own suffers an accidental fire that results in employee lay offs he should not be charged for benefits paid. Here, the unemployment compensation administrator increased the charge rate for unemployment contributions payable by said employer even though the event causing the lay off was temporary and due to no fault to the employer.
The referee who heard the case, rendered a decision sustaining the decision of the examiner. The decision rendered by the referee supports the employer's contention to the extent that the statute in question is unclear and ambiguous, more specifically, that the statute delineates severe weather conditions and thereafter includes fires which are not generally weather related and most importantly leaving the question begging whether natural disasters declared by the President can even apply to both weather conditions and fires. The court finds it was error to lump natural disasters and fires together particularly when fires are further qualified by" except as caused by the employer." The court finds that this causes an unreasonable leap to span the gap between the highly qualified exceptions of a natural disaster and a fire qualified only by "except as caused by employer." The court also notes that in its brief the plaintiff claims that the administrator applied the same legal principles raised herein to grant relief to similarly situated employers but refuses to grant equal protection of the laws to this employer. Equity principles dictate that the laws of the state ought to be applied and interpreted the same way to all citizens. This claim was raised before the Principle Appeal's Referee, however, the written memorandum of decision is devoid of any mention or discussion of the Administrator's past conduct in granting relief to similarly situated employers and was CT Page 11285 dispositive of the employers contention on separate grounds namely construction of the statute in question.
 Conclusion
Because of the court's finding that the statute is ambiguous, and that the exception applies, the court finds in favor of the plaintiff and grants the employer charge relief, and orders any overpayment made by the employer, as a result of the increase of the charge rate, be refunded with statutory interest.
D. Michael Hurley, Judge Trial Referee